LEWIS P. SCOTT, RELATOR, v. LEWIS L. MATHIS, TAX COLLECTOR OF ATLANTIC CITY, RESPONDENT.

---

S. & D. REALTY COMPANY, RELATOR, v. LEWIS L. MATHIS, TAX COLLECTOR, ETC., AND CITY OF ATLANTIC CITY, RESPONDENTS.

Decided March 17, 1927.

Taxes and Assessments—Redemption of Land Sold For Taxes— Relators, One the Former Owner, the Other a Mortgagee, Each Ask For a Writ of Mandamus to Compel Certificate of Redemption—Municipality Had Sold to Another, Who Claims He Has Barred Right of Redemption—Held, Mandamus Not the Proper Remedy—Writ Will Not Issue Where Acts and Duties Depending Upon a Decision as to Facts or to Questions of Law are Undetermined.

On rules for *mandamus*.

Before Justices BLACK and CAMPBELL.

For the relators, *Thompson & Hanstein.*

For the respondents, *William M. Clevenger* and *Joseph B. Perskie.*

PER CURIAM.

These are rules to show cause why writs of *mandamus* should not issue to compel the respondents to issue a certificate of redemption for taxes to either of the relators. The matters are also before us upon motions to strike out the rules to show cause.

It is not necessary to detail the facts except in a general way. In fact, there could be no such narration, with assurance and certainty, because, although the facts may not be in controversy, nevertheless, the legal effect thereof is in doubt and uncertain.

It is enough to say that the relator, Lewis P. Scott, asserts a right to redeem certain lands from a sale for unpaid taxes because he is or claims to be the holder of a mortgage covering the lands. Against his right to redeem it is contended that his rights as mortgages have been extinguished by proceedings to bar his right to redemption taken by one Schaeffer under a sale to him of the lands for the unpaid taxes of 1915.

The relator S. & D. Realty Company insists that it is entitled to the right to redeem because it holds under the said Schaeffer by right of an assignment of the latter's certificate of tax sale.

The right of Schaeffer, and, consequently, the right of the relator S. & D. Realty Company, is assailed upon the ground that he lost all right under his certificate of sale for failure to record the same within the time fixed by the statute and because of a subsequent sale of the same lands to Atlantic City for the unpaid taxes of 1916.

It is most apparent, therefore, that the right to redeem by either relator Scott, as mortgagee, and S. & D. Realty Company, as owner, is not clear.

Further, Atlantic City, subsequent to its purchase of the lands for the unpaid taxes of 1916, sold and assigned its right to one Pennypacker, who claims to have taken the necessary proceedings by notice to the owner of record of the lands, to bar the right of redemption of such owner. The sufficiency and correctness of this notice are attacked.

The same lands were again sold for the unpaid taxes of 1923 to the said Schaeffer.

Pennypacker paid to the respondent, the collector of taxes, a sum of money determined by him to be sufficient to redeem the lands from the sale for the unpaid taxes of 1923, and the collector issued to Pennypacker, as owner, a certificate of redemption.

Subsequently, both relators tendered sums of money and demanded from the respondent, the collector of taxes, certificates of redemption of the lands, from the sale to Atlantic City, for taxes of 1916 (assigned to Pennypacker), and covering the unpaid taxes, with interest, costs, &c., for the years 1916 to 1922, both inclusive. The collector refused the tenders and demands of both relators upon the ground that he had already issued a certificate to redeem to Pennypacker, as owner.

*Mandamus,* under these circumstances, is not the proper remedy.

*Mandamus* will issue to compel performance of ministerial duties so plain in point of law and so clear as to facts that no element of discretion remains but as to acts and duties depending upon a decision as to facts or questions of law, the writ will not go. Further, the writ will not issue to dictate in advance how the discretion shall be exercised or the matters of fact decided, nor will it be allowed to disturb or override determinations already reached. *Mooney* v. *Edwards,* 51 *N. J. L.* 479; *Newark* v. *Lewis,* 82 *Id.* 279.

The rules to show cause are therefore discharged, with costs.